301 P.3d 580

STATE of Arizona, ex rel. William G. MONTGOMERY, Maricopa County Attorney, Petitioner,

v.

The Honorable Myra HARRIS, Commissioner of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Commissioner,

Hrach Shilgevorkyan, Real Party in Interest.

No. 1 CA–SA 12–0211.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 12, 2013.

William G. Montgomery, Maricopa County Attorney By Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Kimerer & Derrick, P.C. By Michael Alarid, III, Phoenix, Attorneys for Real Party in Interest.

## OPINION

BROWN, Judge.

¶ 1 In this special action, the State challenges the superior court's decision affirming the Arcadia Justice Court's order dismissing a misdemeanor complaint under Arizona Rule of Criminal Procedure 16.6(b). For the following reasons, we disagree with the superior court's determination that the complaint is insufficient as a matter of law.

## BACKGROUND

¶ 2 In December 2010, a sheriff's deputy stopped Hrach Shilgevorkyan ("Defendant") for speeding and unsafe lane usage. The deputy took Defendant to a command post for processing and Defendant agreed to submit to a blood test, which later revealed an 8ng/ml concentration of Carboxy–Tetrahydrocannabinol ("Carboxy–THC").

¶ 3 The deputy filed an Arizona Traffic Ticket and Complaint[1] in the justice court, charging Defendant with two counts of driving under the influence in violation of Arizona Revised Statutes ("A.R.S.") section 28–1381 (2012).[2] Count B alleged Defendant violated § 28–1381(A)(3), which makes it "unlawful for a person to drive or be in actual physical control of a vehicle in this state ... [w]hile there is any drug defined in section 13–3401 or *its metabolite* in the person's body."[3] (Emphasis added.)

¶ 4 Defendant moved to dismiss the complaint, asserting it would be impossible to find him guilty under § 28–1381(A)(3) because Hydroxy–Tetrahydrocannabinol ("Hydroxy–THC"), "the" metabolite of marijuana, was not found in his blood. The State opposed the motion, asserting that Carboxy–THC is "a" metabolite of marijuana and thus falls within the scope of § 28–1381(A)(3). After an evidentiary hearing in which the State presented expert testimony as to the characteristics of both Hydroxy–THC and Carboxy–THC, the court granted Defendant's motion to dismiss. The State appealed to the superior court.[4]

¶ 5 After briefing, the superior court affirmed, concluding the justice court did not err. The court determined the statute was ambiguous because there was "significant argument about whether the term 'metabolite' is singular or plural." The court recognized it was permitted to interpret the singular form in the plural to overcome the ambiguity, but declined to do so. Instead, the court reasoned that the State had not shown "the legislature necessarily intended to include all possible derivatives of drugs—particularly inactive end products that no longer affect an individual."

¶ 6 Although finding that Carboxy–THC is a metabolite of marijuana, the superior court determined that the legislature did not intend to include Carboxy–THC within the term "its metabolite." The court relied on the State's expert, who testified Carboxy–THC was not psychoactive and could take up to four weeks to completely evacuate the body. Additionally, the court rejected the State's reliance on *Hammonds* and *Phillips* and instead focused on the inactive nature of Carboxy–THC. The court therefore concluded that "the legislature did not intend for the term metabolite to include more than the single active metabolite—[H]ydroxy THC." The State then petitioned for special action relief in this court.

## SPECIAL ACTION JURISDICTION

¶ 7 Special action review seeks extraordinary relief and is therefore highly discretionary. *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App. 2001). Because this case involves a pure question of law, and it appears the State has no adequate remedy by appeal, in the exercise of our discretion we accept jurisdiction.[5]

1. We take judicial notice of the complaint, which is part of the superior court's record. *See City of Phoenix v. Superior Court*, 110 Ariz. 155, 157, 515 P.2d 1175, 1177 (1973).

2. Absent material revisions after the relevant date, we cite a statute's current version.

3. Count A alleged that Defendant drove while impaired to the slightest degree in violation of § 28–1381(A)(1). The State dismissed Count A prior to the appeal.

4. Prior to appealing to the superior court, the State moved for reconsideration, citing, for the first time, *State v. Phillips*, 178 Ariz. 368, 873 P.2d 706 (App.1994) and *State v. Hammonds*, 192 Ariz. 528, 968 P.2d 601 (App.1998). In light of these authorities, the judge stated, "I would have reversed myself on the merits once I heard the appellate court cases that involved carboxy. I think I made a mistake on this." However, the judge declined to reconsider, finding the justice court no longer had jurisdiction because of the State's appeal to the superior court.

5. Defendant argues the State has an equally plain, speedy, and adequate remedy by appeal under A.R.S. § 12–2101(A)(1) (2012). It does not appear, however, that we would have appellate jurisdiction over the superior court's order

*See Chartone, Inc. v. Bernini,* 207 Ariz. 162, 165–66, ¶¶ 8–9, 83 P.3d 1103, 1106–07 (App. 2004); Ariz. R.P. Spec. Act. 1(a) (2012).

## DISCUSSION

▋ ¶ 8 Arizona Rule of Criminal Procedure 16.6(b) requires that a complaint be dismissed if, on a defendant's motion, the court finds that the charging document is insufficient as a matter of law. Ariz. R.Crim. P. 16.6(b). "If a defendant can admit to all the allegations charged in the [complaint] and still not have committed a crime, then the [complaint] is insufficient as a matter of law." *Mejak v. Granville,* 212 Ariz. 555, 556, ¶ 4, 136 P.3d 874, 875 (2006).

▋ ¶ 9 On this record, it is undisputed that Carboxy–THC is a metabolite of marijuana and was the only metabolite found in Defendant's blood. Defendant's sole contention is that he can admit to all the allegations in the State's complaint for Count B and still not be convicted because Carboxy–THC is not included in the phrase "its metabolite" found in § 28–1381(A)(3). Thus, he does not challenge the constitutionality of the statutes at issue either on their face or as applied.

¶ 10 Our legislature has determined it is unlawful for a person to drive a vehicle while there is any drug, as defined in A.R.S. § 13–3401 (2012), or "its metabolite" in the person's body. A.R.S. § 28–1381(A)(3). This statutory prohibition "was enacted as part of Arizona's comprehensive law regulating drivers under the influence of intoxicating liquor or drugs ("DUI") and designed to protect the public by reducing the terrible toll of life and limb on our roads." *Phillips,* 178 Ariz. at 371, 873 P.2d at 709 (internal quotations omitted). To effectuate this legislative intent, this court has broadly construed § 28–1381(A)(3) and upheld it against several constitutional challenges.

¶ 11 In *Phillips,* the defendant challenged the facial validity of A.R.S. § 28–692(A)(3) (1994) (now § 28–1381(A)(3)), arguing it was unconstitutionally vague and overbroad. 178

Ariz. at 370, 873 P.2d at 708. We disagreed, noting that the legislature intended to create a "per se prohibition" and a "flat ban on driving with *any* proscribed drugs in one's system." *Id.* at 372, 873 P.2d at 710 (emphasis added). We determined that the legislative ban extends to all substances, whether capable of causing impairment or not. We therefore concluded that the statute "precisely defines, in unequivocal terms, the type of behavior prohibited[.]" *Id.* at 371, 873 P.2d at 709. We also rejected the defendant's equal protection argument, concluding the "legislature was reasonable in determining that there is no level of illicit drug use which can be acceptably combined with driving a vehicle." *Id.* at 372, 873 P.2d at 710. We emphasized the "compelling legitimate interest" the state has to protect the public from impaired driving because the "potential for lethal consequences is too great." *Id.* Based on this interpretation of the statute, we upheld the constitutionality of § 28–692(A)(3). *Id.*

¶ 12 In *State v. Hammonds,* we addressed another constitutional challenge to § 28–692(A)(3). 192 Ariz. at 530, ¶ 6, 968 P.2d at 603. In that case, the defendant displayed symptoms of intoxication and was arrested for DUI. *Id.* at ¶ 2. After tests revealed low alcohol concentrations, the arresting officers suspected drug use and the defendant provided a urine sample, which revealed the presence of Carboxy–THC as well as metabolites of a prescription drug. *Id.* at ¶¶ 3–4. The State charged the defendant with two counts of DUI. *Id.* at ¶ 5. A jury acquitted the defendant of driving while impaired, but convicted him of driving with a drug or its metabolite in the body. *Id.* at ¶ 6.

¶ 13 On appeal, we rejected the defendant's equal protection argument. *Id.* at 533, ¶ 17, 968 P.2d at 606. We reiterated the broad statement in *Phillips* that the "statute created a flat ban on driving with any proscribed substance in the body, whether capable of causing impairment or not." *Id.* at 531, ¶ 9, 968 P.2d at 604. We also found

in this case. *See* A.R.S. § 22–375(B) (2012) ("[T]here shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.").

In any event, because we have elected to accept jurisdiction under our discretionary authority, we need not address Defendant's contention.

other "cogent reasons" for broadly interpreting the ban on drug use while driving. *Id.* at ¶ 10. For example, we noted metabolic rates differ from drug to drug and that the "presence of an illicit drug's metabolite [whether active or inactive] establishes the possibility of the presence of the active, impairing component of the drug." *Id.* This fact, we concluded, "justifies the legislature banning entirely the right to drive when the metabolite is present." *Id.* at ¶ 11.

■ ¶ 14 Although these cases do not directly interpret the phrase "its metabolite," they stand for the proposition that § 28–1381(A)(3) must be interpreted broadly to appropriately effectuate the legislative purpose and intent underpinning the statutory language. Following this established precedent, we hold that § 28–1381(A)(3)'s language prohibiting driving with a proscribed drug or "its metabolite" includes the metabolite Carboxy–THC. *See Hammonds*, 192 Ariz. at 530 n. 2, ¶ 6, 968 P.2d at 603 n. 2 (reasoning that a "conviction [under § 28–1381(A)(3) ] is sustainable for the marijuana metabolite," Carboxy–THC).

¶ 15 Our holding is consistent with A.R.S. § 1–214(B) (2012), which permits interpretation of "[w]ords in the singular number [to] include the plural" in order to effectuate legislative intent. *Estate of McGill ex rel. McGill v. Albrecht*, 203 Ariz. 525, 529, ¶ 11, 57 P.3d 384, 388 (2002) (explaining that § 1–214(B) is "a permissive statute" and allows courts to interpret the singular as the plural "when such an interpretation will enable us to carry out legislative intent."). Defendant has not cited, nor has our research revealed, any authority suggesting the legislature intended that § 28–1381(A)(3) be construed only in "the singular number." *See* A.R.S. § 1–214(B). We therefore conclude the superior court erred as a matter of law in concluding Carboxy–THC is not included in the phrase "its metabolite."

¶ 16 Finally, we reject Defendant's assertion that passage of the Arizona Medical Marijuana Act ("AMMA") provides "the best evidence of legislative intent" in construing the phrase "its metabolite." *See* A.R.S. §§ 36–2801 to –2819 (2012). As an initiative measure proposed and approved by the people of Arizona, the AMMA's adoption is immaterial to the determination of legislative intent as it relates to adoption of the DUI statutes. *See Calik v. Kongable*, 195 Ariz. 496, 498, ¶ 10, 990 P.2d 1055, 1057 (1999) (recognizing that initiative measures are construed to effectuate the intent of the electorate). Moreover, because this record does not implicate any aspect of the AMMA, we need not address it further.

## CONCLUSION

¶ 17 For the foregoing reasons, we accept jurisdiction and grant relief. We reverse the superior court's order affirming dismissal of the State's complaint and remand for further proceedings.

CONCURRING: ANDREW W. GOULD and DONN KESSLER, Judges.