NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KRISTOPHER GEORGE BUTNER, *Petitioner*.

No. 1 CA-CR 15-0077 PRPC
FILED 6-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-136696-001
The Honorable Pamela Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kristopher George Butner, Tucson
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**H O W E**, Judge:

**¶1**        Petitioner Kristopher George Butner petitions this Court for review from the summary dismissal of his first untimely petition for post-conviction relief. In 2013, Butner pled guilty to conspiracy to commit sale or transportation of dangerous drugs, misconduct involving weapons and three counts of trafficking in stolen property. The trial court imposed enhanced sentences for the count of conspiracy and two of the counts of trafficking based on the existence of a historical prior felony conviction.

**¶2**        Butner argues that the trial court must vacate the three enhanced sentences because *State v. Superior Court (Shilgevorkyan)*, 234 Ariz. 343, 322 P.3d 160 (2014), constituted a significant change in the law warranting such action if applied retroactively.[1] In *Shilgevorkyan*, our supreme court held a person cannot be convicted of driving under the influence "based merely on the presence of a non-impairing metabolite that may reflect the prior usage of marijuana." 234 Ariz. at 347 ¶ 24, 322 P.3d at 164. Butner argues that the prior conviction the court used to enhance his sentences was one for endangerment that was pled down from a charge of driving under the influence based on the "mere presence" of marijuana. Butner argues that his prior conviction is, therefore, sufficiently similar to *Shilgevorkyan* that it is no longer valid and cannot be used to enhance his sentences.

**¶3**        We deny relief. The prior conviction that Butner argues *Shilgevorkyan* invalidates is from a case filed in 2007. The trial court imposed enhanced sentences in this case based on Butner's conviction for possession of drug paraphernalia in a case filed in 2008.

---

[1]        Butner correctly cited the Arizona Supreme Court opinion in *Shilgevorkyan* in his petition for post-conviction relief. The trial court inadvertently cited the vacated Court of Appeals opinion in *State v. Superior Court (Shilgevorkyan)*, 232 Ariz. 76, 301 P.3d 580 (App. 2014), in its minute entry and Butner carried over this error into his petition for review.

¶4        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA