SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-08-0312-PR |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 08-0628 PRPC |
| JOHN HERBERT SHRUM, | ) | |
| | ) | Maricopa County |
| Respondent. | ) | Superior Court |
| | ) | No. CR2003-030004-001 SE |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| | ) | |

Petition for Review from the Superior Court in Maricopa County
The Honorable Sally Schneider Duncan, Judge

**VACATED AND REMANDED**
_____

Order of the Court of Appeals, Division One
Filed Oct. 23, 2008
_____

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                    Phoenix
     By   Gerald R. Grant, Deputy County Attorney
Attorneys for State of Arizona

BRUCE PETERSON, OFFICE OF THE LEGAL ADVOCATE                  Phoenix
     By   Thomas J. Dennis, Deputy Legal Advocate
Attorneys for John Herbert Shrum
_____

**H U R W I T Z**, Justice

¶1     Arizona    Rule    of    Criminal    Procedure    32.2(a)(3)

precludes post-conviction relief based on any ground "waived at

trial, on appeal, or in any previous collateral proceeding."

Claims predicated on "a significant change in the law that if

determined to apply to defendant's case would probably overturn the defendant's conviction or sentence," Ariz. R. Crim. P. 32.1(g), are excluded from the general rule of preclusion under certain circumstances, Ariz. R. Crim. P. 32.2(b).  This case requires us to determine when a "significant change in the law" occurs.

## I.

¶2        In February 2003, a Maricopa County grand jury indicted John Herbert Shrum for three counts of sexual conduct with a minor "under the age of fifteen years," and two counts of molestation of the same victim.  Each charged crime was a class 2 felony.  *See* A.R.S. §§ 13-1405(B), -1410(B) (2001).  The indictment charged that each offense was a dangerous crime against children ("DCAC") under A.R.S. § 13-604.01 (Supp. 1998).[1] *See id.* § 13-604.01(L)(1) (defining various crimes "committed against a minor who is under fifteen years of age" as "[d]angerous crimes against children").  The presumptive term of imprisonment for a DCAC involving "first degree" sexual conduct with a minor under the age of fifteen in violation of A.R.S.

---

[1]     The indictment alleged that the conduct charged in the first two counts occurred between May 1, 2002 and February 1, 2003; the remaining charged conduct allegedly occurred between January 1, 1999 and May 1, 2002.  The relevant portions of § 13-604.01 did not change during the period in which the crimes were alleged to have occurred.  Because § 13-604.01 was materially amended in 2008, all citations in this opinion are to the version in effect on January 1, 1999, unless specifically otherwise noted.

§ 13-604.01(C) is twenty years. *See id.* (providing that "[a] dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense"). Sentences imposed for multiple violations of § 13-604.01(C) must be served consecutively. *Id.* § 13-604.01(K).

¶**3** Shrum avoided the risk of lengthy consecutive sentences by entering into a plea agreement. Under the agreement, Shrum admitted guilt to two amended counts (Counts 1 and 3) of attempted sexual conduct with a minor, each a class 3 felony. *See id.* §§ 13-1001(C)(2), -1405(B). The remaining counts were dismissed. The plea agreement recited that each crime to which Shrum pleaded guilty was a DCAC in the second degree. *See id.* § 13-604.01(L)(1). The agreement provided that if Shrum received a sentence of imprisonment on Count 1, he would be placed on lifetime probation on Count 3.

¶**4** Under A.R.S. § 13-604.01(I), the presumptive term of imprisonment for attempted sexual conduct with a minor under the age of fifteen was ten years. The superior court imposed a mitigated sentence of eight years on Count 1 and lifetime probation on Count 3. Shrum did not object to these sentences.

¶**5** On August 5, 2003, Shrum filed a notice of post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 32.1. That Rule provides for an "of-right" PCR

3

proceeding for defendants entering guilty pleas.  Shrum later moved to dismiss the PCR proceeding, stating, "I no longer wish to contest the judgment of guilt or sentence."  The motion acknowledged that a dismissal would severely limit Shrum's ability to file a subsequent PCR petition.  The superior court granted the motion.

¶6        On May 12, 2008, Shrum filed a second PCR notice.  The notice asserted that Count 1 was improperly denominated a DCAC, and that Shrum therefore should have been sentenced not under § 13-604.01(I), but rather under the less severe general felony sentencing scheme in A.R.S. § 13-702(A).[2]  The second PCR notice sought to avoid the preclusive effect of the dismissal of Shrum's first PCR proceeding by contending that *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007), constituted a "significant change in the law" for purposes of Rule 32.1(g). In *Gonzalez*, the court of appeals held that the version of § 13-604.01 in effect when Shrum committed his crimes did not allow a DCAC sentence enhancement for attempted sexual conduct with a child under the age of twelve.[3]  216 Ariz. at 13 ¶ 8, 162 P.3d at

---

[2]    In December 2007, Shrum filed a Motion to Modify Sentence under Arizona Rule of Criminal Procedure 24.3.  The superior court denied the motion.

[3]    Section 13-604.01(C) applies to first degree sexual conduct with a minor who is twelve, thirteen, or fourteen years of age; section 13-604.01(B) governs first degree sexual conduct with a minor under the age of twelve.  At the time Shrum was convicted,

4

652. The second PCR notice alleged that the victim of Shrum's crimes was under the age of twelve.

¶7        The State did not dispute the age of the victim. It contended, however, that post-conviction relief was precluded because Shrum did not raise this issue in his of-right PCR proceeding and *Gonzalez* was not a "change in the law."

¶8        The superior court rejected the State's argument, holding that *Gonzalez* was "a change in the law that affects [Shrum]." The court granted post-conviction relief and ordered that Shrum be resentenced. The State then filed a petition for review pursuant to Arizona Rule of Criminal Procedure 32.9(c), which the court of appeals denied.

¶9        The State sought review in this Court. We granted the State's petition for review to consider whether *Gonzalez* is a "significant change in the law,"[4] a recurring question of

_____

§ 13-604.01(I) provided that attempted (second degree) sexual conduct with a minor in violation of § 13-604.01(C) was subject to a presumptive term of imprisonment of ten years. Subsection (I), however, did not on its face govern second degree sexual conduct with a minor in violation of § 13-604.01(B). The DCAC statute thus did not provide for sentence enhancement for attempted sexual conduct with a minor under the age of twelve. After *Gonzalez* was decided, the legislature amended § 13-604.01 to provide for enhanced sentencing for attempted sexual conduct with a victim under the age of twelve. *See* 2008 Ariz. Sess. Laws, ch. 195, § 1 (2d Reg. Sess.) (codified at A.R.S § 13-604.01(J) (Supp. 2008)).

[4]    The State's petition for review also asked us to consider whether *Gonzalez* was correctly decided. We denied review of that issue.

5

statewide importance.[5]  *See* Ariz. R. Crim. P. 31.19(c).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution, A.R.S. § 13-4239(H) (2001), and Arizona Rule of Criminal Procedure 32.9(g).

## II.

### A.

¶10      Before 1992, a defendant pleading guilty could challenge his conviction and sentence on direct appeal.  *See, e.g.*, *State v. Sullivan*, 107 Ariz. 98, 482 P.2d 861 (1971); *State v. Lueck*, 107 Ariz. 49, 481 P.2d 842 (1971).  After the legislature abolished direct appeals for pleading defendants, A.R.S. § 13-4033(B) (Supp. 1992), Rule 32.1 was amended to provide for an "of-right" PCR proceeding in the court that rendered the challenged conviction or sentence.  *See* Ariz. R. Crim. P. 32.1, cmt. (2000 Amendment).

¶11      Rule 32 also streamlined Arizona procedure for collateral attacks on convictions.  Previous Arizona procedure allowed multiple avenues for post-conviction relief, each with its own mechanics, requirements, and time limits.  *See* Ariz. R. Crim. P. 32.1, general cmt.  Rule 32 consolidated most of these procedures into a single comprehensive remedy, the PCR

---

[5]    At least two other pending petitions for review present this issue.  *See State v. Pham*, No. CR-08-0326-PR; *State v. Wilson*, No. CR-08-0354-PR.

6

proceeding.[6]  *Id*.  The Rule also required, subject to limited exceptions, that all claims for post-conviction relief be consolidated in one petition.  *Id.;* Ariz. R. Crim. P. 32.5 (requiring PCR petition to "include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed on him or her").

**¶12**        "[T]o prevent endless or nearly endless reviews of the same case in the same trial court," *Stewart v. Smith*, 202 Ariz. 446, 450 ¶ 11, 46 P.3d 1067, 1071 (2002), Rule 32.2(a) precludes collateral relief on a ground that either was or could have been raised on direct appeal or in a previous PCR proceeding.  *See State v. Carriger*, 143 Ariz. 142, 145, 692 P.2d 991, 994 (1984) ("[Rule 32] is not intended to unnecessarily delay the renditions of justice or add a third day in court when fewer days are sufficient to do substantial justice.").  By requiring that all post-conviction claims be raised promptly, Rule 32.2(a) not only serves important principles of finality, *see id*. ("In all cases, civil or criminal, there must be an end to litigation."), but also allows any relief to be issued at a time

---

[6]    A PCR proceeding is commenced by filing a notice of PCR in the court that rendered the conviction.  Ariz. R. Crim. P. 32.4(a).  The defendant must then file a PCR petition including evidentiary, record, and legal support for his claims.  Ariz. R. Crim. P. 32.4(c)(2), 32.5.  After reviewing the petition and identifying precluded claims, the court may either summarily dismiss the petition or set a hearing on claims that present a material issue of fact or law.  Ariz. R. Crim. P. 32.6(c).

when the interests of justice, from the perspectives of the defendant, the State, and the victim, can be best served. If a new trial or further proceedings are required, these can take place promptly, before the defendant has suffered undue prejudice and evidence becomes stale.

¶13    Because the general rule of preclusion serves important societal interests, Rule 32 recognizes few exceptions. *See* Ariz. R. Crim. P. 32.2(b) (listing exceptions). At issue in this case is the provision allowing a "successive or untimely post-conviction relief proceeding" to raise a claim for relief based on Rule 32.1(g). *Id.* Rule 32.1(g) permits post-conviction relief if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence."

¶14    The rationale for the Rule 32.1(g) exception is apparent: A defendant is not expected to anticipate significant future changes of the law in his of-right PCR proceeding or direct appeal. Nor should PCR rules encourage defendants to raise a litany of claims clearly foreclosed by existing law in the faint hope that an appellate court will embrace one of those theories. In those rare cases when a "new rule" of law is announced, Rule 32.1(g) provides a potential avenue for relief.

¶15    Rule 32 does not define "a significant change in the law."    But plainly a "change in the law" requires some transformative event, a "'clear break' from the past." *State v. Slemmer*, 170 Ariz. 174, 182, 823 P.2d 41, 49 (1991).

¶16    The archetype of such a change occurs when an appellate court overrules previously binding case law.    In *Walton v. Arizona*, for example, the Supreme Court held that the Sixth Amendment does not require that a jury find the aggravating circumstances authorizing the imposition of the death penalty.    497 U.S. 639, 647-49 (1990).    *Ring v. Arizona* expressly overruled *Walton*.    536 U.S. 584, 609 (2002).    Thus, before *Ring*, a criminal defendant was foreclosed by *Walton* from arguing that he had a right to trial by jury on capital aggravating factors; *Ring* transformed existing Sixth Amendment law to provide for just such a right.    *Ring* was thus "a significant change in the law" under Rule 32.1(g).    *See State v. Towery*, 204 Ariz. 386, 390 ¶ 9, 64 P.3d 828, 832 (2003).    In *Towery*, this Court therefore did not treat the Rule 32 petitions before it as precluded; rather, it addressed whether the relevant change in the law should be applied retroactively.    *Id.* at 390-93 ¶¶ 10-25, 64 P.3d at 832-35.    Concluding that the new rule was not retroactive, the Court denied post-conviction

relief.  *Id.* at 394 ¶ 31, 64 P.3d at 836; *see also Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) (reaching same conclusion).[7]

**¶17**    A statutory or constitutional amendment representing a definite break from prior law can also be a Rule 32.1(g) "significant change in the law."  Thus, for example, when the legislature amended A.R.S. § 13-453 to allow prisoners serving life sentences to become parole-eligible after twenty years in prison, the court of appeals concluded that a defendant's Rule 32 petition was not precluded because the new statute was a change from previous law.  *State v. Jensen*, 193 Ariz. 105, 107 ¶ 13, 970 P.2d 937, 939 (App. 1998).  Rather than summarily rejecting the Rule 32 petition as precluded, the court of appeals considered it on the merits, eventually concluding that the legislature did not intend the amendment to apply retroactively.  *Id*. at 107-09 ¶¶ 14-22, 970 P.2d at 939-41.[8]

### III.

**¶18**    Shrum contends that the court of appeals' opinion in *Gonzalez* was a "significant change in the law" within the purview of Rule 32.1(g) and that his second PCR petition, based

---

[7]    *See also State v. Rendon*, 161 Ariz. 102, 103, 776 P.2d 353, 354 (1989) (concluding that decisions of this Court about whether a defendant is "armed" for purposes of the first-degree burglary statute represented a significant change in the law).

[8]    *See* A.R.S. § 1-244 (2002) (providing that Arizona statutes are not retroactive absent language expressing clear legislative intent to that effect).

10

on *Gonzalez*, is therefore not precluded under Rule 32.2(b). But he concedes that, unlike *Ring*, *Gonzalez* overruled no prior appellate decision. Nor does Shrum argue that § 13-604.01, the statute interpreted in *Gonzalez*, materially changed between the dates his crimes were committed and the court of appeals' opinion was issued.

**¶19** *Gonzalez* applied no novel technique of statutory construction; it merely concluded that in enacting § 13-604.01 the legislature omitted, likely unintentionally, any provision for DCAC sentence enhancement for attempted sexual conduct with a minor under the age of twelve. 216 Ariz. at 13-15 ¶¶ 5-15, 162 P.2d at 652-54 ("[T]he plain language of § 13-604.01 does not encompass attempted sexual conduct with a victim under the age of twelve."). Nor does *Gonzalez* rest on a changed interpretation of Arizona constitutional law. In short, the law was not changed in any way by *Gonzalez*. Before that decision, § 13-604.01 contained no language expressly authorizing DCAC enhancement of sentences for attempted sexual conduct with a minor under the age of twelve. No precedent interpreted § 13-604.01 as allowing such enhancement. After *Gonzalez*, the law remained precisely the same.[9]

---

[9] The State does not appear to have raised the issue of preclusion in *Gonzalez*. *See State v. Peek*, 219 Ariz. 182, 183 ¶ 4, 195 P.2d 641, 642 (2008) (noting that State may waive preclusion).

11

¶20     Shrum nonetheless contends that *Gonzalez* was a change in the law because "up to that that point [courts] had assumed that [§] 13-604.01 applied to all defendants sentenced for attempted sexual conduct with a minor." He does not, however, identify any appellate decisions, reported or otherwise, so holding, and we are aware of none. *Gonzalez* does not purport to overrule any prior opinion; at most, it is merely the first appellate opinion interpreting § 13-604.01 on the issue now before us.

¶21     An appellate decision is not a significant change in the law simply because it is the first to interpret a statute. Nor is an appellate opinion a change in the law simply because it reverses a trial court judgment; such correction of trial court legal error is a routine occurrence in appellate review. No different conclusion is compelled merely because trial courts other than the one whose judgment is on appeal had previously made the same error. *See Jenson*, 193 Ariz. at 109 ¶ 25, 970 P.2d at 941 ("Superior court decisions are not binding on [appellate courts]."); *In re Molz*, 26 Cal. Rptr. 3d 131, 137 (Ct. App. 2005) ("[T]rial [court] decisions, of course, have no precedential authority."). Those decisions are not binding on other courts; they establish at most the law of a particular case, not the kind of generally applicable law established in published appellate opinions. *Cf*. Ariz. R. Sup. Ct. 111(c)

12

(providing that appellate memorandum decisions are not binding precedent).

¶22    Shrum also argues that *Gonzalez* constituted a change in the law because, before that decision, many lawyers misunderstood § 13-604.01. We are skeptical, however, that the accuracy of such a claim could be demonstrated reliably. But more importantly, even if such a misunderstanding of the law on the part of some lawyers conceivably might support claims for ineffective assistance of counsel, such a misunderstanding cannot establish that the law has changed. For purposes of Rule 32.1(g), a change in the law cannot be established by the subjective opinions of counsel.

¶23    We therefore conclude that *Gonzalez* was not a Rule 32.1(g) "significant change in the law." The relief sought in Shrum's second PCR proceeding was therefore precluded under Rule 32.2(a), and the superior court erred in granting post-conviction relief.

## IV.

¶24    For the reasons above, we vacate the superior court's order that Shrum be resentenced. This case is remanded to the superior court, which should dismiss Shrum's second PCR proceeding.

_____
Andrew D. Hurwitz, Justice

13

CONCURRING:

_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice