IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Respondent*,

*v.*

ANGELICA MARLENE WERDERMAN,
*Petitioner*.

No. 2 CA-CR 2015-0049-PR
Filed May 29, 2015

---

Petition for Review from the Superior Court in Pima County
No. CR201001556001
The Honorable Howard Fell, Judge Pro Tempore

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Jacob R. Lines, Deputy County Attorney, Tucson
*Counsel for Respondent*

Law Offices of Henry Jacobs, PLLC, Tucson
By Henry Jacobs
*Counsel for Petitioner*

---

## OPINION

Presiding Judge Miller authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

---

M I L L E R, Presiding Judge:

**¶1**         Angelica Werderman seeks review of the trial court's order summarily denying her petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  On review, she argues the court erred in determining that our supreme court's holding in *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 322 P.3d 160 (2014), does not constitute a significant change in the law applicable to her case. We grant review but, because *Harris* is not such a change pursuant to Rule 32.1(g), we deny relief.

**¶2**         After a jury trial, Werderman was convicted of two counts each of aggravated driving with an illegal drug or its metabolite in her body while a minor was present, endangerment, and child abuse, and one count each of aggravated assault of a minor under the age of fifteen and assault.  Her aggravated driving convictions were based on the presence of benzoylecgonine in her blood, a non-impairing metabolite of cocaine.  *See* A.R.S. § 28-1381(A)(3).  The trial court sentenced her to concurrent prison terms, the longest of which was seven years.  We affirmed her convictions and sentences on appeal.  *State v. Werderman*, No. 2 CA-CR 2013-0016 (memorandum decision filed Jul. 16, 2013).

**¶3**         Werderman sought post-conviction relief, arguing that, pursuant to *Harris*, there was insufficient evidence to support her conviction and that trial and appellate counsel were ineffective for failing to raise that issue.  Acknowledging that Werderman did not expressly seek relief pursuant to Rule 32.1(g), the state nonetheless argued that *Harris* would not apply retroactively to her case.  The trial court, apparently concluding Werderman had implicitly raised a claim under Rule 32.1(g), agreed that *Harris* did not apply

retroactively and, thus, did not constitute a significant change in the law. The court rejected Werderman's remaining claims and summarily denied relief. This petition for review followed.

**¶4** On review, Werderman's sole argument is that *Harris* constitutes a significant change in the law that entitles her to relief pursuant to Rule 32.1(g), and the trial court erred in concluding it was not retroactively applicable. We will not disturb the court's ruling absent an abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). An error of law constitutes an abuse of discretion. *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).

**¶5** "Rule 32 does not define 'a significant change in the law.'" *State v. Shrum*, 220 Ariz. 115, ¶ 15, 203 P.3d 1175, 1178 (2009). "But plainly a 'change in the law' requires some transformative event, a 'clear break from the past.'" *Id., quoting State v. Slemmer*, 170 Ariz. 174, 182, 823 P.2d 41, 49 (1991). Such change occurs, for example, "when an appellate court overrules previously binding case law" or when there has been a "statutory or constitutional amendment representing a definite break from prior law." *Id.* ¶¶ 16-17; *see also State v. Poblete*, 227 Ariz. 537, ¶ 10, 260 P.3d 1102, 1105 (App. 2011) (significant change in law occurs when subsequent authority rejects established law).

**¶6** The trial court did not expressly find whether *Harris* constituted a significant change in the law as contemplated by Rule 32.1(g). It instead determined the case would not apply retroactively pursuant to the analysis described in *Teague v. Lane*, 489 U.S. 288 (1989), and *Allen v. Hardy*, 478 U.S. 255 (1986).[1] But, if *Harris* is not a significant change in the law, Werderman is not entitled to relief and it is not necessary to evaluate, pursuant to *Teague* or *Allen*, whether *Harris* should apply retroactively. *See Poblete*, 227 Ariz. 537, ¶¶ 10-11, 260 P.3d at 1105 (after determining holding constitutes

---

[1]As part of that analysis, the trial court concluded "that *Harris* announced a new rule because existing precedent would not dictate the result . . . but would instead permit an (A)(3) DUI conviction based upon an inactive metabolite."

significant change in the law, reviewing court must then determine whether case is retroactively applicable).

¶7        Pursuant to § 28-1381(A)(3), it is unlawful for a person to drive or be in actual physical control of a vehicle "[w]hile there is any drug defined in [A.R.S.] § 13-3401 or its metabolite in the person's body."  In *Harris*, our supreme court determined the term "its metabolite" was ambiguous because it could include "all of a proscribed drug's byproducts" or only "primary or impairment-causing metabolites."  234 Ariz. 343, ¶¶ 11-12, 322 P.2d at 162.  It concluded that adopting the first interpretation—the term "its metabolite" encompassed all byproducts—would lead to an absurd result because it would "criminalize otherwise legal conduct," "a driver who tested positive for trace elements of a non-impairing substance could be prosecuted," and legal substances could generate metabolites common with prohibited substances.  *Id.* ¶¶ 14-17.  Based on the statute's intent—"to prevent impaired driving"—the court thus "h[e]ld that the 'metabolite' reference in § 28-1381(A)(3) is limited to any of a proscribed substance's metabolites that are capable of causing impairment."  *Id.* ¶ 24.

¶8        Werderman argues that our supreme court's holding in *Harris* "broke new ground" because this court had determined in *State v. Phillips*, 178 Ariz. 368, 873 P.2d 706 (App. 1994), that the predecessor statute to § 28-1381(A)(3), A.R.S. § 28-692(A)(3), "is not ambiguous."  But, as our supreme court noted in *Harris*, that issue was not presented in *Phillips*.  *Harris*, 234 Ariz. 343, ¶ 6, 322 P.3d at 161.  In *Phillips*, this court addressed a constitutional challenge to § 28-692(A)(3) that the statute was "vague and overbroad."  178 Ariz. at 370, 873 P.2d at 708.  We determined it was not because the statute "precisely defines, in unequivocal terms, the type of behavior prohibited:  No one may drive or be in actual physical control of a vehicle if there is any amount of illicit drug or its metabolite in that person's system."  *Id.* at 371, 873 P.2d at 709.  We did not interpret the meaning of the phrase "its metabolite," much less evaluate whether it would encompass non-impairing metabolites.

¶9        Werderman cites no other authority interpreting § 28-1381(A)(3) or its predecessor statute.  The only other case we have found addressing the constitutionality or meaning of

§§ 28-1381(A)(3) or 28-692(A)(3), *State v. Hammonds*, 192 Ariz. 528, 968 P.2d 601 (App. 1998), also does not determine the meaning of the phrase "its metabolite."  As it did in regards to *Phillips*, the supreme court noted *Hammonds* did not address the issue presented in *Harris*. 234 Ariz. 343, ¶ 6, 322 P.3d at 161.

¶**10**　　　　In *Hammonds*, this court instead addressed a constitutional equal protection challenge to § 28-692(A)(3).  192 Ariz. 528, ¶ 7, 968 P.2d at 603.  The appellee claimed the statute "[swept] more broadly than necessary by including drivers who have only a metabolite of a drug in their urine," because "the scientific evidence shows that a metabolite in the urine not only does not necessarily indicate an impairment to drive, it cannot even rule out that the drug may have been used long before the driving."  *Id.*  We determined the statute did not violate equal protection by encompassing both impairing and non-impairing substances. *Id.* ¶¶ 9-12.  But, we did not identify any ambiguity or evaluate whether § 28-692(A)(3) actually encompassed non-impairing metabolites.

¶**11**　　　　Werderman has not identified any binding precedent overruled by our supreme court in *Harris*, and we have found none. We acknowledge that prior cases have suggested, without analysis, that a conviction under § 28-1381(A)(3) could be based on a non-impairing metabolite alone.  But none of those cases actually confronted that question and, thus, *Harris* is not a significant change in the law[2]—it is merely the first case to address the ambiguity of the phrase "its metabolite."  *See Shrum*, 220 Ariz. 115, ¶ 21, 203 P.3d at 1180 ("An appellate decision is not a significant change in the law simply because it is the first to interpret a statute."); *see also State v. Kelly*, 210 Ariz. 460, ¶ 5, 112 P.3d 682, 684 (App. 2005) (dicta not binding authority).

¶**12**　　　　Although we grant review, we deny relief.

---

[2]Because *Harris* is not a significant change in the law, we need not determine whether its holding applies to a conviction based on a non-impairing cocaine metabolite.