NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GERALD CHARLES SOUCH, *Petitioner*.

No. 1 CA-CR 14-0449 PRPC
FILED 7-26-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-159749
The Honorable Robert E. Miles, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gerald Charles Souch, Kingman
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Chief
Judge Michael J. Brown and Judge Kent E. Cattani joined.

**P O R T L E Y**, Judge:

**¶1**      Gerald Charles Souch petitions for review of the superior court's summary dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

**¶2**      Souch was indicted for armed burglary, a class 2 felony, three counts of sexual assault, class 2 felonies, aggravated assault, a class 3 felony, and attempted burglary in the second degree, a class 4 felony, in July 1986. He later pled guilty to armed burglary, aggravated assault, and three counts of sexual assault, all of which were dangerous crimes. He was sentenced to five consecutive aggravated prison terms, totaling fifty-eight years, in April 1987. And this court affirmed the convictions and sentences on appeal. *State v. Souch*, 1 CA-CR 11455 (Ariz. App. Oct. 22, 1987) (mem. decision).

**¶3**      Between 1988 and 2013, Souch commenced more than twenty post-conviction relief proceedings, all of which were unsuccessful. Then on May 12, 2014, he filed a notice and petition for post-conviction relief, alleging he was entitled to relief based on a significant change in the law. Specifically, he argued that *State v. Cota*, 229 Ariz. 136, 152, ¶ 88, 272 P.3d 1027, 1043 (2012), a death penalty case which held that resentencing was required on the non-capital offenses due to the trial court's incorrect belief that Arizona Revised Statutes ("A.R.S.") section 13-708 mandated consecutive sentences, should be applied retroactively to his case. The trial court summarily dismissed the Rule 32 petition. The court ruled that Souch failed to provide any factual or legal basis for the claim that *Cota* is a significant change in the law or that it is applicable to him. As a result, the court found that Souch is precluded from raising his sentencing claim in an untimely and successive post-conviction proceeding. This petition for review followed.

**¶4**      Advancing the argument that *State v. Cota* constitutes a significant change in the law applicable to him, Souch contends the trial court erred in summarily dismissing his petition for post-conviction relief. We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006) (citation omitted).

**¶5**      A claim of significant change in the law may be raised in an untimely or successive petition for post-conviction relief. Ariz. R. Crim. P. 32.1(g), 32.4(a). A significant change in the law "requires some

transformative event, a clear break from the past." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15, 203 P.3d 1175, 1178 (2009) (internal quotation marks and citation omitted). "Such change occurs, for example, when an appellate court overrules previously binding case law or when there has been a statutory or constitutional amendment representing a definite break from prior law." *State v. Werderman*, 237 Ariz. 342, 343, ¶ 5, 350 P.3d 846, 847 (App. 2015) (internal quotation marks and citationomitted).

¶6 The trial court did not err for two reasons. First, as a matter of law A.R.S. § 13-708, as it existed in 1986, was not involved in the sentencing decision. The statute was not listed in the indictment, the plea agreement, or sentencing order.

¶7 Second, the holding in *Cota* does not constitute a significant change in the law. Contrary to Souch's contention, the holding in *Cota* did not break any new ground or overturn any earlier decision. Instead our supreme court examined the trial court's statement that it had to impose consecutive sentences for the non-capital crimes, and held that A.R.S. § 13-708 did not require consecutive sentences, but only requires the court to give reasons for imposing concurrent sentences rather than consecutive sentences. *Cota*, 229 Ariz. at 152, ¶ 87, 272 P.3d at 1043 (citations omitted). In fact, our supreme court cited with approval its decision in *State v. Garza*, 192 Ariz. 171, 174-75, ¶ 12, 962 P.2d 898, 901-02 (1998), which had addressed the same issue of the non-existence of a presumption for consecutive sentences under A.R.S. § 13-708 more than a decade earlier. *Cota*, 229 Ariz. at 152, ¶¶ 87-88, 272 P.3d at 1043. In other words, the analysis in *Cota* on which Souch bases his claim for relief simply involved the application of settled law.

**¶8**      Because the holding in *Cota* does not constitute a significant change in the law, the trial court correctly ruled that Souch failed to state a claim on which relief could be granted in an untimely or successive Rule 32 proceeding.

**¶9**      Accordingly, we grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA