NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER LEE SMITH, *Petitioner*.

No. 1 CA-CR 15-0241 PRPC
FILED 4-4-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2008-102616-001SE
The Honorable Sam J. Myers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Christopher Lee Smith, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Maurice Portley[1] joined.

---

**T H U M M A,** Judge:

**¶1**          Petitioner Christopher Lee Smith seeks review of the superior court's order summarily dismissing his third notice of post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[2] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

**¶2**          A jury convicted Smith of one count of second degree murder and three counts of aggravated assault. After his convictions and sentences were affirmed on direct appeal, *State v. Smith*, 1 CA-CR 10-0358 (Ariz. App. Jan. 13, 2012) (mem. dec.), Smith filed a timely petition for post-conviction relief claiming ineffective assistance of trial counsel. The superior court summarily dismissed the petition for failure to state a colorable claim for relief. In October 2014, this court dismissed as untimely Smith's petition seeking review of that dismissal.

**¶3**          In November 2014, Smith filed a second notice of post-conviction relief seeking to raise a claim of significant change in the law based on *State v. Spencer*, 235 Ariz. 496 (App. 2014). The superior court dismissed the notice for failure to show how the change in the law would apply to his case. The record does not indicate that Smith sought review of that ruling by this court.

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶4** In February 2015, Smith filed a third notice of post-conviction relief in which he again sought to raise a claim of significant change in the law based on *Spencer*. Finding the claim to be identical to the claim raised and rejected in his second notice of post-conviction relief, the superior court summarily dismissed the notice. This petition for review followed.

**¶5** A petitioner is precluded from obtaining relief on a claim that was raised or could have been raised in any previous collateral proceeding. *See* Ariz. R. Crim. P. 32.2(a); *State v. Shrum*, 220 Ariz. 115, 118 ¶ 12 (2009). The sole issue raised in Smith's third notice, which is the subject of review here, is that *Spencer* constituted a significant change in the law. Because that claim is the same claim Smith raised in his second notice of post-conviction relief, the superior court properly did not err in summarily dismissing the third notice.

**¶6** For these reasons, this court grants review but denies relief.

