NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JASON LEE WARE, *Petitioner.*

No. 1 CA-CR 15-0534 PRPC
FILED 4-6-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-164082-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Jason Lee Ware, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

**¶1**          Jason Lee Ware filed a "limited" petition for review of the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**          Ware pleaded guilty to manslaughter in 2013 and was sentenced to fifteen years' imprisonment.[1]  Ware filed a timely petition for post-conviction relief, which was dismissed.  Ware now petitions for review, renewing his argument that *State ex rel. Montgomery v. Harris*, 234 Ariz. 343 (2014), constitutes a "significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence," Ariz. R. Crim. P. 32.1(g), and that the trial court misapplied *Harris*.[2]  Specifically, Ware argues that if the court had followed his application of *Harris*, then the factual basis for his plea would have been insufficient to sustain the guilty plea.

**¶3**          Although Rule 32 does not define what qualifies as "a significant change in the law," it "plainly . . . requires some transformative event, a 'clear break from the past.'"  *State v. Werderman*, 237 Ariz. 342, 344, ¶ 5 (App. 2015) (quoting *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009)).  A change is significant if, for example, "an appellate court overrules previously binding case law" or there has been a "statutory or constitutional amendment representing a definite break from prior law." *Id.* (quoting *Shrum*, 220 Ariz. at 118-19, ¶¶ 16-17) (citation omitted); *see also State v. Poblete*, 227 Ariz. 537, 540, ¶ 10 (App. 2011) (finding a significant change in the law where subsequent authority rejects previously established law).

**¶4**          In *Harris*, our supreme court held that a driver could not be convicted of driving under the influence of marijuana based only on the presence of a non-impairing metabolite that may reflect prior marijuana usage.  234 Ariz. at 347, ¶ 24.  But as Ware concedes within his reply brief, *Harris* does not apply here for two reasons.  First, Ware was convicted of

---

[1]          Contrary to the assertions in Ware's petition for review, no trial occurred.

[2]          Although Ware complains that only one issue was ruled upon by the trial court, our review of his petition for post-conviction relief reveals that any asserted claims unrelated to the application of *Harris* are indiscernible.

manslaughter, which does not require as an element any form of impairment. *See* Ariz. Rev. Stat. (A.R.S.) § 13-1103(A).[3] Second, a blood sample taken from Ware around the time of the offense tested positive for amphetamine and methamphetamine, dangerous drugs pursuant A.R.S. §§ 13-3401(6)(c)(vi), (xxxviii), and not a non-impairing metabolite. Moreover, this Court has previously held that *Harris* does not represent a significant change in the law. *See Werderman*, 237 Ariz. at 344, ¶ 11 (citing *Shrum*, 220 Ariz. at 120, ¶ 21, and *State v. Kelly*, 210 Ariz. 460, 462, ¶ 5 (App. 2005)). Therefore, *Harris* does not provide Ware a basis for post-conviction relief under Rule 32.1(g).

**¶5**        Ware separately argues the factual basis for his plea is insufficient to sustain the guilty plea because the State did not prove the impairment necessary to establish he had the reckless mental state required for his conviction. But, a factual basis need only be established by strong evidence of guilt, not proof beyond a reasonable doubt. *State v. Salinas*, 181 Ariz. 104, 106 (1994) (citing *State v. Wallace*, 151 Ariz. 362, 365 (1986)). The presence of amphetamine in Ware's blood near the time of the incident and the circumstances of the offense, whereby Ware was observed by at least five other motorists to be driving at a high rate of speed, veering in and out of lanes, driving too close to other vehicles, and ultimately colliding with two other vehicles, provide a sufficient factual basis to establish he acted recklessly in causing the death of another.

**¶6**        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.