ESPINOSA, Judge:
*666 ¶ 1 In this special action, Petitioner Jorge Leon challenges the respondent judge's ruling affirming his conviction, following a jury trial in Pima County Justice Court, for driving or being in actual physical control of a vehicle with an illegal drug or "its metabolite" in his body, in violation of A.R.S. § 28-1381(A)(3). Leon's appeal to the Pima County Superior Court argued the justice court "err[ed] as a matter of law in finding that benzoylecgonine [ (BE) ], an inactive metabolite of cocaine, satisfied the requirement of a metabolite of a drug as used in [ § 28-1381(A)(3) ]" and in its related instructions to the jury. The respondent judge affirmed Leon's conviction, and this special action petition followed. For the following reasons, we accept jurisdiction and grant relief.
Jurisdiction
¶ 2 Special action review is highly discretionary. State ex rel. Romley v. Fields , 201 Ariz. 321, ¶ 4, 35 P.3d 82 (App. 2001). As an initial matter, we note that Leon has no remedy by appeal. See A.R.S. § 22-375 (with exceptions not relevant here, no appeal lies "from the judgment of the superior court given in an action appealed from a justice of the peace or a municipal court"); Ariz. R. P. Spec. Act. 1(a) (special action review not available "where there is an equally plain, speedy, and adequate remedy by appeal"). Accepting jurisdiction is appropriate when the question raised is a purely legal matter of statewide importance, and one on which lower courts appear to require some guidance. See State ex rel. Montgomery v. Harris , 234 Ariz. 343, ¶ 7, 322 P.3d 160 (2014) (review granted "because whether § 28-1381(A)(3) applies to non-impairing metabolites presents a recurring issue of statewide importance"); Fields , 201 Ariz. 321, ¶ 4, 35 P.3d 82 (special action review appropriate to address recurring legal questions of statewide importance on which lower courts have rendered inconsistent judgments). Because the issue here engages the scope of Harris and appears to be a recurring one that warrants additional guidance, we accept jurisdiction of this special action.
Factual and Procedural Background
¶ 3 The facts are undisputed. As set forth in the respondent judge's ruling, in May 2015, law enforcement officers were responding to a single-vehicle accident in the median of I-19 when they made contact with Leon, who was standing by his broken-down truck. After conducting field sobriety tests and suspecting impairment, the officers charged Leon with driving under the influence in violation of § 28-1381(A)(1) and (2)[1] and conducted a blood draw. Leon's blood tests were negative for the presence of alcohol, but positive for two drug metabolites, Carboxy-THC[2] and BE. The state eventually amended the charges to replace the count related to alcohol concentration, § 28-1381(A)(2), with a charge under § 28-1381(A)(3), which proscribes driving "[w]hile there is any drug defined in [A.R.S.] § 13-3401 or its metabolite in the person's body."[3]
Justice Court Proceedings and Jury Trial
¶ 4 Relying on Harris , 234 Ariz. 343, 322 P.3d 160, Leon filed a pretrial motion to dismiss the § 28-1381(A)(3) charge, arguing he could not be convicted for the presence of Carboxy-THC, a metabolite of cannabis, or BE, a metabolite of cocaine, because neither metabolite "can cause impairment" and they are instead "by-products of the breakdown of other substances."[4] The justice court denied *667 the motion as to BE, citing the lack of expert testimony "to suggest that a BE metabolite is non-impairing or at what rate it becomes non-impairing."
¶ 5 Leon renewed his argument just before trial, when the justice court was settling jury instructions. He asked the court to include the following instruction:
"Metabolite," as used in these instructions, means only a metabolite that itself is capable of causing impairment. Thus, to prove a violation of A.R.S. § 28-1381(A)(3) based on metabolites of proscribed drugs, the State must prove beyond a reasonable doubt that any metabolite found in the blood of Jorge Leon while he was driving or in actual physical control of a vehicle is both a metabolite of a proscribed drug AND the metabolite is capable of causing impairment in and of itself.
The state conceded that BE was a non-impairing metabolite, but it opposed any such instruction, arguing that § 28-1381(A)(3) is a "strict liability" statute and "that the Harris case is expressly limited to Carboxy[-]THC because of the nature of how it metabolizes, whereas cocaine, which is a very fast metabolizing drug, will metabolize very quickly in the system." The court agreed with the state and denied Leon's request, stating it would instruct the jury using the language of the statute, but modified, as urged by the state, to replace "any drug defined in § 13-3401 or its metabolite" with "[BE], a metabolite of cocaine."[5]
¶ 6 At trial, a forensic scientist for the Arizona Department of Public Safety testified Leon's blood sample contained BE, "one of the main metabolites of cocaine." She explained that cocaine metabolizes rapidly, would remain present in someone's blood for "just a few hours," and continues to metabolize after blood is drawn. In contrast, she said BE, as a metabolite of cocaine, would be detectable for "about a day," or, in the case of "chronic heavy binges," "up to ... five days." She explained cocaine is a stimulant drug that has multiple effects; BE, in contrast, is "an inactive metabolite, which means it's not having any effect on the body."
¶ 7 In moving for acquittal pursuant to Rule 20, Ariz. R. Crim. P., Leon's attorney argued, "Because of the jury instruction on the [ § 28-1381(A)(3) charge], I must concede that there is substantial evidence to go to the jury," but added, "I would disagree with the jury instruction and I believe it doesn't accurately state the law[ ] that now stands." With respect to the § 28-1381(A)(3) charge, the justice court instructed the jury:
The State has charged the Defendant with driving or being in actual physical control of a motor vehicle within the State while there is BE in the Defendant's body.... The central elements that the State ... must prove are:
1. The Defendant was driving [or in] actual physical control of a motor vehicle.
2. This occurred within Pima County, Arizona, at or near the vicinity and on ... or about the time alleged in the Complaint.
3. That at the time of the driving o[r] being in actual physical control of the vehicle, a drug [BE], a metabolite of cocaine[,] was in the Defendant's body.
The jury acquitted Leon of driving under the influence of alcohol or drugs while impaired to the slightest degree, see § 28-1381(A)(1), but convicted him of the § 28-1381(A)(3) charge.
Appeal to Superior Court
¶ 8 Leon appealed from his conviction, again relying on our supreme court's decision in Harris . He argued the trial court had erred as a matter of law in rejecting his proposed instruction and "in ruling that a non-impairing metabolite of a drug satisfied the prohibition of [ § 28-1381(A)(3) ]," thereby resulting in his wrongful conviction under that section of the statute. In its answering brief on appeal, the state again characterized Harris as "a narrow decision addressing only Carboxy-THC." It argued BE is distinguishable because "[c]ocaine is quickly metabolized directly into BE" and Carboxy-THC "is a second metabolite of THC and can stay in a *668 person's body for as many as twenty-eight to thirty days."[6]
¶ 9 In affirming Leon's conviction, the respondent judge concluded the justice court had not erred in rejecting Leon's proposed jury instruction or "in ruling that the prohibition of the statute is satisfied by a non-impairing metabolite of a drug." The respondent further concluded the court's final jury instructions "did not misstate the law or the statute." Citing "distinctive" features of BE and this court's decision in State v. Werderman , 237 Ariz. 342, 350 P.3d 846 (App. 2015), the respondent reasoned "[t]he ruling in Harris is narrow as it pertains to Carboxy-THC, and cannot simply be extended to include" BE "despite it also being a non-impairing metabolite."[7]
¶ 10 In his petition for special action relief, Leon argues the respondent judge "perpetuated [the] error" of the justice court by upholding his conviction, pursuant to § 28-1381(A)(3), for driving while BE, a non-impairing metabolite of cocaine, was present in his body. In response, no longer relying on the authorities it cited in the courts below, the state argues the holding in Harris "should not be extended to BE because of the numerous differences between BE and Carboxy-THC."
Discussion
¶ 11 Special action relief is available for a respondent's abuse of discretion, Ariz. R. P. Spec. Act. 3(c), and a court abuses its discretion if it commits an error of law, City of Tucson v. Clear Channel Outdoor, Inc. , 218 Ariz. 172, ¶ 58, 181 P.3d 219 (App. 2008). We review a decision to give or refuse a requested jury instruction for an abuse of discretion. State ex rel. Thomas v. Granville , 211 Ariz. 468, ¶ 8, 123 P.3d 662 (2005). But we review de novo whether a jury instruction accurately reflects the law, reading the instructions as a whole to determine whether the jury received the information needed to arrive at a legally correct decision. Id. Thus, we will not reverse a conviction for an erroneous ruling on jury instructions "unless we can reasonably find that the instructions, when taken as a whole, would mislead the jurors." State v. Rutledge , 197 Ariz. 389, ¶ 15, 4 P.3d 444 (App. 2000), quoting State v. Strayhand , 184 Ariz. 571, 587, 911 P.2d 577, 593 (App. 1995).
¶ 12 With limited exceptions, erroneous jury instructions are subject to either harmless or fundamental error review. See Neder v. United States , 527 U.S. 1, 8-15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (jury instruction that omits element of the offense subject to harmless-error analysis); State v. Fullem , 185 Ariz. 134, 138, 912 P.2d 1363, 1367 (App. 1995) (failure to instruct jury on essential element of offense "is error," but "not fundamental error where there is no issue as to that element"). But when an erroneous jury instruction may have caused a jury to convict a defendant "for conduct that is not unlawful," the error cannot be found " 'harmless beyond a reasonable doubt.' " McDonnell v. United States , --- U.S. ----, 136 S.Ct. 2355, 2375, 195 L.Ed.2d 639 (2016), quoting Neder , 527 U.S. at 16, 119 S.Ct. 1827.
¶ 13 The evidence is undisputed that BE is a non-impairing metabolite of cocaine, a point the state conceded in the justice court, the superior court, and its response in this court. The state argued, however, that BE was nonetheless a prohibited substance *669 under § 28-1381(A)(3), and, as noted above, jurors at Leon's trial were instructed they could find Leon guilty of violating § 28-1381(A)(3) if they found he was driving or in actual physical control of a vehicle while "a drug [BE], a metabolite of [c]ocaine[,] was in [his] body." Because no other instruction offered an alternative means of convicting Leon of the § 28-1381(A)(3) offense, the jury, by its verdict, could only have found that Leon had BE, a non-impairing metabolite of cocaine, in his system while he was driving.[8] But our supreme court held in Harris that "the 'metabolite' reference in § 28-1381(A)(3) is limited to any of a proscribed substance's metabolites that are capable of causing impairment." 234 Ariz. 343, ¶ 24, 322 P.3d 160. Accordingly, Leon persuasively argues he was convicted "for conduct that is not unlawful," McDonnell , --- U.S. ----, 136 S.Ct. at 2375. See also State v. Ontiveros , 206 Ariz. 539, ¶ 19, 81 P.3d 330 (App. 2003) (conviction could not be based on erroneous jury instruction that permitted jury to convict defendant "for a non-existent offense").
State ex rel. Montgomery v. Harris
¶ 14 In Harris , the defendant was charged with violating § 28-1381(A)(3) based on blood test results showing the presence of Carboxy-THC, a non-impairing metabolite of cannabis. 234 Ariz. 343, ¶¶ 2-4, 322 P.3d 160. The justice court had granted Harris's motion to dismiss, and the superior court affirmed that ruling on appeal. Id. ¶ 5. As described by our supreme court, the superior court reasoned the statute's use of "metabolite" was ambiguous, and it was "unconvinced that the legislature intended to include all possible byproducts-particularly those that are inactive and cannot impair the driver." Id. But this court had granted relief on the state's special action petition, concluding § 28-1381(A)(3)"must be interpreted broadly" to effect "the legislative purpose" for its enactment. Id. ¶ 6, quoting State ex rel. Montgomery v. Harris ex rel. Cty. of Maricopa , 232 Ariz. 76, ¶ 14, 301 P.3d 580 (App. 2013), vacated , 234 Ariz. 343, 322 P.3d 160 (2014).
¶ 15 Although Harris involved only Carboxy-THC, our supreme court's stated reason for its discretionary review was not limited to that substance; as noted earlier, the court "granted review because whether § 28-1381(A)(3) applies to non-impairing metabolites presents a recurring issue of statewide importance." Id. ¶ 7. The court found the statute's reference to "its metabolite" ambiguous, and it engaged in analysis to construe the statute "sensibly" and consistent with legislative intent. Id. ¶¶ 12-13. The court rejected the state's suggestion "that 'its metabolite' includes any byproduct of a drug listed in § 13-3401," finding that construction "leads to absurd results," "[m]ost notably" because it "would create criminal liability regardless of how long the metabolite remains in the driver's system or whether it has any impairing effect." Id. ¶¶ 14-15. And, citing a non-impairing metabolite that bufotenine, a proscribed substance, shared in common with "a legal serotonin supplement," the court further observed, "the State's interpretation would permit prosecution if the discovered substance is a metabolite of a proscribed drug even if the proscribed drug was never ingested," rendering the state's argument "untenable." Id. ¶ 17.
¶ 16 Nor did the court in Harris suggest the meaning of "its metabolite" was contingent on the length of time a metabolite remained in someone's system, whether twenty-eight days in the case of Carboxy-THC or the one to five days that, according to testimony at Leon's trial, BE remains in one's *670 bloodstream after ingesting cocaine.[9] Focusing instead on whether a metabolite was capable of causing impairment, our supreme court also rejected the defendant's suggestion that the statute's meaning was limited to a proscribed substance's "primary metabolite" "because there are drugs proscribed under § 13-3401 that have multiple primary or secondary impairing metabolites." Id. ¶ 23.
¶ 17 In its consideration of legislative purpose, the court further stated, "[I]n enacting the (A)(3) charge, the legislature sought to proscribe driving by those who could be impaired from the presence of illegal drugs in their body" by establishing "that a driver who tests positive for any amount of an impairing drug is legally and irrefutably presumed to be under the influence." Id. ¶ 22. But, the court continued, "Although the legislature could rationally choose to penalize the presence of any amount of an impairing metabolite, we do not believe that [it] contemplated penalizing the presence of a metabolite that is not impairing." Id. The court concluded, "Because the legislature intended to prevent impaired driving, we hold that the 'metabolite' reference in § 28-1381(A)(3) is limited to any of a proscribed substance's metabolites that are capable of causing impairment." Id. ¶ 24.
Conclusion
¶ 18 In light of our supreme court's express holding, limiting the meaning of "metabolite" in § 28-1381(A)(3) to those "capable of causing impairment," id. , Harris cannot fairly be characterized as "narrow" or as "pertain[ing] only to Carboxy-THC" as the respondent judge suggested in his ruling and the state argues here. See also Dobson v. McClennen , 238 Ariz. 389, ¶ 16, 361 P.3d 374 (2015) ( Section 28-1381(A)(3)"requires the state to prove that the defendant has been driving or in control of a vehicle while any amount of the proscribed drugs or their impairing metabolites are present.") (emphasis added), citing Harris , 234 Ariz. 343, ¶ 24, 322 P.3d 160. Accordingly, Leon's conviction cannot stand.
Disposition
¶ 19 For all of the foregoing reasons, we accept jurisdiction of Leon's petition for special action and grant relief. The respondent judge's ruling on appeal is vacated and Leon's conviction is reversed.

Section 28-1381(A)(1) prohibits driving under the influence of intoxicating liquor or drugs if impaired to the slightest degree, and § 28-1381(A)(2) prohibits having a blood alcohol concentration of 0.08 or more within two hours of driving when the alcohol concentration results from alcohol consumed either before or while driving.

Carboxy-Tetrahydrocannabinol.

The original charges had been dismissed in July 2015 but were refiled in March 2016 and subsequently amended.

In Harris , our supreme court was "asked to determine whether the phrase 'its metabolite' includes [Carboxy-THC], a non-impairing metabolite of Cannabis," and it "conclude[d] that it does not." 234 Ariz. 343, ¶ 1, 322 P.3d 160.

The state requested this modification, telling the court it was "only alleging the one metabolite."

The state also repeated its reliance on State v. Werderman , a case involving BE in which this court concluded Harris was not "a significant change in the law," Ariz. R. Crim. P. 32.1(g), entitling the defendant to post-conviction relief. 237 Ariz. 342, ¶¶ 2, 6, 11, 350 P.3d 846 (App. 2015). Unlike Leon, whose direct appeal was before the respondent judge, Werderman's convictions had been affirmed before Harris was issued, and her claim was asserted as a collateral attack under Rule 32. Id. ¶¶ 1-3 ; see also State v. Shrum , 220 Ariz. 115, ¶ 11, 203 P.3d 1175 (2009) ("Rule 32 ... streamlined Arizona procedure for collateral attacks on convictions."). Citing Shrum , we explained that Harris was not a "change" in the law but "merely the first case to address the ambiguity of the phrase 'its metabolite' " in § 28-1381(A)(3). Werderman , 237 Ariz. 342, ¶ 11, 350 P.3d 846 ; see also Shrum , 220 Ariz. 115, ¶¶ 20-21, 203 P.3d 1175. Werderman is thus limited to the post-conviction rule it addressed and has no applicability to Leon's appeal.

As noted above, this court's Werderman decision is not applicable here.

At trial and on appeal before the respondent judge, the state cited this court's decision in State v. McFadden , No. 1 CA-CR 14-0614, 2016 WL 3063764 (Ariz. App. May 31, 2016), arguing "while the mere presence of [BE] alone is insufficient to satisfy § 28-1381(A)(3), the presence of [BE], coupled with additional factors," such as evidence of impairment, "could be sufficient" "for reasonable jurors to find that a person had cocaine in his system at the time he was driving." See id. ¶¶ 7-9. We do not disagree, but McFadden is unavailing here. Unlike McFadden , the jury's verdict in Leon's trial was limited by the trial court's specific instructions. As a result, the verdict could only reflect the presence of BE-and not cocaine-in Leon's system, and the presence of BE, a non-impairing metabolite, is not prohibited by § 28-1381(A)(3). See Harris , 234 Ariz. 343, ¶ 24, 322 P.3d 160.

In its response to Leon's petition, the state also argues the court's analysis in Harris "should not apply to cocaine" "[b]ecause cocaine metabolizes so quickly," apparently referring to evidence that cocaine metabolizes to BE in "just a few hours." But the court in Harris considered similar evidence-that an impairing metabolite of THC, Hydroxy-THC, does not "exist in the blood for very long" and is quickly converted to Carboxy-THC. 234 Ariz. 343, ¶¶ 4, 16, 322 P.3d 160. Notwithstanding that evidence, the court held a driver could not be convicted "based merely on the presence of a non-impairing metabolite" like Carboxy-THC. Id. ¶ 24.