NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CLARENCE MICHAEL RHEA, *Petitioner.*

No. 1 CA-CR 18-0787 PRPC
FILED 7-16-2019

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2014-005417-001
CR2015-111925-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea Kever
*Counsel for Respondent*

Clarence Michael Rhea, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**C R U Z,** Judge:

¶1 Clarence Rhea petitions this court for review from the denial of his third petition for post-conviction relief ("PCR") containing a claim pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Rhea pleaded guilty in two separate cases. The plea agreements stipulated to prison sentences of 3.5 years in one case and 5 years as to the other. He was sentenced according to those stipulations. He argues the prosecutor committed misconduct and his trial counsel and first PCR counsel were ineffective for failing to challenge the misconduct. These issues were also raised in Rhea's first PCR which the superior court dismissed. This court granted review from the dismissal of Rhea's first PCR but ultimately denied relief. In the second PCR, appointed counsel found no colorable claims. The instant petition for review follows Rhea's third PCR and incorporates by reference the same ineffective assistance of counsel claims. Because he does not support his claims with reasoning or legal citations in his petition for review, we do not consider those claims. Ariz. R. Crim. P. 32.9 (c)(4)(B)(iv). Rhea also appears to argue prosecutorial misconduct in violation of his constitutional rights. More specifically, Rhea argues the prosecution listed an incorrect sentencing range on his plea agreements, and that he was intimidated and threatened into entering those agreements. The record of the change of plea proceedings shows Rhea denied being under any force or threat to admit his guilt. Additionally, he was sentenced as per the stipulations in his plea agreements. Accordingly, the superior court denied relief.

¶3 We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). Here, we find no abuse of discretion.

¶4        Rhea further argues the prosecutor committed misconduct by "fabricat[ing] the law" and submitting a "fraudulent contractual plea-agreement"[sic].  He did not present these claims in his first PCR petition. Because he could have raised these claims in that petition, they are now waived.  *State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009).

¶5        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA