NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LAZARO AGUIRRE-TINOCO, *Petitioner*.

No. 1 CA-CR 12-0745 PRPC

FILED 06-05-2014

Petition for Review from the Superior Court in Yavapai County
No. P1300CR20090895
The Honorable Cele Hancock, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Steven J. Sisneros
*Counsel for Respondent*

Lazaro Aguirre-Tinoco, Safford
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

**¶1**       Petitioner Lazaro Aguirre-Tinoco seeks review of the dismissal of his petition for post-conviction relief. After considering his petition for review and for the reasons following, we grant the petition for review but deny relief.

**¶2**       Aguirre-Tinoco pled guilty to transportation of dangerous drugs for sale and possession of drug paraphernalia on March 30, 2010. He was sentenced on the same day to a mitigated, "flat" term prison sentence of 7.5 years for transportation of dangerous drugs for sale and a concurrent one-year prison term for possession of drug paraphernalia, and given credit for 216 days of presentence incarceration. Although he had to file his notice of post-conviction relief of right within ninety days of his sentence, pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.4(a), Aguirre-Tinoco waited more than two years to file his notice of post-conviction relief of right, which was untimely. His petition for post-conviction relief was similarly untimely. *See* Ariz. R. Crim. P. 32.4(a), (c). He now seeks review of the summary dismissal of his petition as well as the summary dismissal of a "Motion for Review; Notice of Appeal" the trial court treated in part as a supplement to the petition. We have jurisdiction pursuant to Rule 32.9(c).

**¶3**       Aguirre-Tinoco argues the trial court erred by ordering him to serve his sentence for transportation of dangerous drugs for sale as "flat time." Although Aguirre-Tinoco could have raised the issue if he had filed a timely petition for post-conviction relief of right in 2010, he offers no explanation why he failed to file a timely petition. Moreover, he did not present the issue in the context of newly discovered evidence or a significant change in the law.

**¶4**       A defendant is precluded from post-conviction relief based on claims he raised or could have raised in an earlier post-conviction relief proceeding. Ariz. R. Crim. P. 32.2(a). None of the exceptions to the rule of

preclusion listed in Rule 32.2(b) apply in this case. In fact, our supreme court has made it clear that preclusion includes untimely claims regarding the legality of a sentence. *State v. Shrum*, 220 Ariz. 115, 117-18, 120, ¶¶ 3-13, 23, 203 P.3d 1175, 1177-78, 1180 (2009) (finding that the trial court erred by granting relief after defendant dismissed his timely PCR of right, then filed a second PCR five years later challenging his sentence). Consequently, the trial court did not err by summarily dismissing the untimely petition for post conviction relief.

¶5        The petition for review also presents additional issues that Aguirre-Tinoco did not raise in his petition for post-conviction relief or the supplement he filed after his petition was dismissed. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Because Aguirre-Tinoco did not file a timely petition or present the issues in the petition for review to the trial court, we will not review the issues.

¶6        Based on the foregoing, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh