NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MARK ANTHONY MORRIS, *Petitioner.*

No. 1 CA-CR 13-0239 PRPC

FILED 10-21-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2003-038528-001, CR2006-166112-001
CR2008-111440-001, CR2009-006265-001
The Honorable Maria del Mar Verdin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Mark Anthony Morris, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O,** Presiding Judge:

**¶1**        Mark Anthony Morris petitions this court for review from the dismissal of his notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        Morris pled guilty to five felonies in two separate cases.  A jury convicted Morris of two more felonies in two other cases consolidated for trial.  We affirmed those convictions and sentences on direct appeal. *State v. Morris*, 1 CA-CR 10-0666; 1 CA-CR 10-0669 (consolidated) (Ariz. App. Aug. 18, 2011) (mem. decision).  In the notice of post-conviction relief that is the subject of this petition, Morris identified all four cases as being at issue, but he ultimately addressed only one of the four cases, CR 2009-006265-001.  Therefore, we confine our review to that case only.

**¶3**        In CR 2009-006265-001, Morris pled guilty to conspiracy to commit money laundering, fraudulent schemes and artifices, theft and assisting a criminal street gang.  The trial court sentenced Morris to thirteen and one-half years' imprisonment for conspiracy to commit money laundering and a concurrent term of seven years' imprisonment for theft. The court placed Morris on an aggregate term of seven years' probation for the remaining counts.  Morris now seeks review of the summary dismissal of his latest successive notice of post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶4**        Morris argues that his conviction for conspiracy to commit money laundering should have been for a class 3 felony rather than a class 2 felony.  He further argues his trial counsel was ineffective when counsel failed to raise this issue at or before sentencing.  We deny relief.  Morris could have raised these issues in a prior post-conviction relief proceeding. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  Our supreme court has made it clear the rule of preclusion includes untimely claims regarding the legality of a sentence. *State v. Shrum*, 220 Ariz. 115, 117-120, ¶¶ 3-23, 203 P.3d 1175, 1177-1180 (2009).

**¶5**        Morris also argues the trial court erred when it denied his motion to extend the time to file a petition for review in a previous post-conviction relief proceeding in CR 2009-006265-001.[1]   The trial court summarily dismissed the prior proceeding in October of 2012 and Morris did not file his motion to extend until five months later.  We deny relief on this issue as well.  The denial of a motion to extend time to file a petition for review is not a cognizable claim under Rule 32.  Further, Morris claimed he failed to file a timely petition because he had only recently learned he should have filed a petition for review and he was otherwise unfamiliar with the rules.  This was not sufficient to require the trial court to grant a motion to extend.

**¶6**        While the petition for review presents additional issues, Morris did not raise those issues in the petition for post-conviction relief he filed in the trial court.  A petition for review may not present issues not first presented to the trial court.  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7**        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[1]        That motion also sought to revive the dismissed proceedings and present wholly new issues and arguments.