NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM THOMAS MAHER, *Petitioner*.

No. CR 13-0327 PRPC
FILED 12-23-2014

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201001252
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By William A. Kunisch
*Counsel for Respondent*

William Thomas Maher, Douglas
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D**, **Judge**:

¶1        Petitioner William Thomas Maher seeks review of the trial court's summary dismissal of his petition for post-conviction relief under Rule 32, Ariz. R. Crim. P.  We grant review, but deny relief.

¶2        On April 25, 2010, Maher pled guilty to sale of dangerous drugs (Methamphetamine), a class two felony, and possession of dangerous drugs (Xanax), a class four felony.  In accordance with the terms of the plea agreement, the trial court sentenced Maher on that same date to a mitigated five-year prison term (flat time) on the conviction for sale of dangerous drugs and a concurrent mitigated 1.6-year prison term on the conviction for possession of dangerous drugs.

¶3        On September 25, 2012, Maher filed a motion for an order *nunc pro tunc* clarifying the sentencing minute entry order.  In the motion, Maher requested that the trial court correct the sentencing minute entry order to reflect that the five-year sentence for the conviction for sale of dangerous drugs was imposed pursuant to Arizona Revised Statute ("A.R.S.") § 13-3407(F) (2010) rather than A.R.S. § 13-3407(E) because the aggregate amount of the methamphetamine was less than the statutory threshold amount.  In explaining the reason for the motion, Maher claimed that the Arizona Department of Corrections had incorrectly calculated his sentence as a "calendar year" sentence eliminating his eligibility for executive clemency in the form of commutation of sentence.  In ruling on the motion, the trial court stated that the sentence was imposed pursuant to A.R.S. § 13-3407(E) because the offense involved methamphetamine and there is no threshold amount required under this statute.

¶4        On March 18 2013, Maher filed a notice and petition for post-conviction relief in which he argued he was entitled to relief from his illegal sentence on the conviction for sale of dangerous drugs because it was the result of a mutual mistake of fact.  Specifically, he advanced the same argument made in his earlier motion for clarification that the classification of his five-year sentence on the conviction for sale of dangerous drugs as a calendar year sentence under A.R.S. § 13-3407(F) was illegal because the amount of methamphetamine was below the statutory threshold amount.  The trial court summarily dismissed the petition as untimely.

¶5        We review the summary dismissal of a petition for post-conviction relief for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).  We agree with the trial court that Maher's claim regarding his sentencing was subject to summary dismissal as untimely.

Pursuant to Rule 32.4(a), a defendant who pleads guilty must file his notice of post-conviction relief within ninety days after the entry of judgment and sentence. Maher was sentenced April 25, 2010. Thus, to be timely, his notice of post-conviction relief needed to be filed prior to July 25, 2010. Maher did not file his notice and petition until March 13, 2013, more than two years late.

¶6 Any notice "not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), and (h). Ariz. R. Crim. P. 32.4(a). The claim raised by Maher challenging the legality of his sentence does not fall within any of these exceptions to preclusion. Our supreme court has made it clear that the rule of preclusion includes untimely claims regarding the legality of a sentence. *State v. Shrum*, 220 Ariz. 115, 117–120, ¶¶ 3–23, 203 P.3d 1175, 1177–1180 (2009).

¶7 Maher attempts to argue on review that the untimeliness on his notice and petition should be excused because he just recently learned that his sentence was illegally classified as a "calendar year" sentence when the Arizona Department of Corrections determined that he was statutorily ineligible to apply for commutation of sentence because he was serving a "calendar year" sentence. A review of the record, however, reveals that the plea agreement signed by Maher clearly indicates that the sentence on the conviction for sale of dangerous drugs was to be a flat time "calendar year" sentence. On this record, Maher has not sustained his burden establishing the trial court abused its discretion in summarily dismissing the petition as untimely.

¶8 Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama