NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRANDON STEPHEN LOPEZ, *Petitioner*.

No. 1 CA-CR 22-0581 PRPC

FILED 4-27-2023

Petition for Review from the Superior Court in Maricopa County
No. CR 2012-125141-002
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

**¶1**   Brandon Stephen Lopez seeks review of the superior court's
dismissal of his post-conviction relief ("PCR") petition filed under Arizona
Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**   Lopez was convicted of first-degree murder and two counts
of burglary, crimes he committed when he was 16. In March 2015, Lopez
was sentenced to life with the possibility of release after 25 years for the
murder conviction and a consecutive term of seven years for one of the
burglary convictions. He received a concurrent seven-year sentence for the
other burglary conviction. This court affirmed the convictions and
sentences in August 2016. *State v. Lopez*, 1 CA-CR 15-0199, 2016 WL 2893704,
at \*4, ¶ 17 (Ariz. App. May 17, 2016) (mem. decision).

**¶3**   In 2017, Lopez filed a PCR petition arguing that a significant
change in the law prohibited imposing the "functional equivalent of a life
sentence without parole" for juvenile offenders. *See* Rule 32.1(g). The
superior court entertained consolidating Lopez's case with other cases
raising the argument that juveniles sentenced to the "functional equivalent
of a life sentence" were entitled to resentencing. Eventually, the petitions
were stayed, awaiting decisions from the Arizona and United States
Supreme Courts. The stay continued until March 2022 because of
complications arising from the COVID-19 pandemic.

**¶4**   When the court lifted the stay order, the State moved to
dismiss the petition, arguing that the issue had been decided by *State v.
Soto-Fong*, 250 Ariz. 1 (2020). Lopez responded that his sentence was
improper because the superior court did not consider Lopez's

---

[1]  We view the facts in the light most favorable to sustaining the
judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

incorrigibility or capacity for change. The court agreed with the State and dismissed the petition.

¶5        Lopez sought review, and we have jurisdiction under A.R.S. §§ 13-4031 and 13-4239 and Rule 32.16(a)(1).

## DISCUSSION

¶6        We review the superior court's ruling on a PCR petition for an abuse of discretion. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021).

¶7        A defendant is entitled to post-conviction relief when "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence[.]" *State v. Valencia*, 241 Ariz. 206, 208, ¶ 9 (2016) (quoting Rule 32.1(g)). A "significant change in the law" is "a clear break from the past." *Id.* (quoting *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009)).

¶8        Lopez asserts that *Miller v. Alabama*, 567 U.S. 460 (2012), and later cases constitute a significant change in the law about juvenile sentencing. *See Montgomery v. Louisiana*, 577 U.S. 190 (2016); *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). Lopez argues that, given these cases, his sentences are cruel and unusual in violation of the Eighth Amendment, entitling him to relief. Lopez claims that "[t]he Court should have held a hearing to determine whether [he] was in fact incorrigible and start from a position that [he] had the capacity for change."

¶9        We disagree. Our supreme court made plain in *Soto-Fong* that "*Graham*, *Miller*, and *Montgomery* do not constitute a significant change in the law under [Rule] 32.1(g)." 250 Ariz. at 3, ¶ 1. And while *Jones* was decided after *Soto-Fong*, Lopez does not argue that *Jones* was "a clear break from the past." *See Valencia*, 241 Ariz. at 208, ¶ 9. Lopez characterizes the *Jones* decision as one that "reaffirmed . . . its prior precedent."

¶10        The Eighth Amendment does not prohibit imposing *de facto* life sentences. *Soto-Fong*, 250 Ariz. at 10–11, ¶ 40. As our supreme court explained, to preclude *de facto* life sentences "would invariably require us to assume the legislative prerogative to establish criminal sentences." *Id.* at 9, ¶ 36.

¶11        Still, Lopez claims that his sentences were improper because the superior court "did not consider [his] capacity for change or his lack of propensity for incorrigibility." But Lopez argued that his sentence should be mitigated because of his youth and capacity for change at his sentencing.

And a formal finding about these factors is not required. *See Jones*, 141 S. Ct. at 1322 (There is no "constitutional requirement that the sentencer must make a finding of permanent incorrigibility before sentencing a murderer under 18 to life without parole."). Instead, *Jones* emphasized the value of preserving discretion among the states on how each might approach juvenile sentencing. *See id.* at 1323.

**¶12** Finally, Lopez argues that "all of the attendant mitigating circumstances of [his] youth were not presented to, and therefore, were not known to the sentencing judge." These facts relate to Lopez's upbringing, mental health, and relationship with his parents. The defense's failure to provide evidence on these background facts is not a basis to grant a PCR petition. *See* Rule 32.1(e)(1)–(2) (PCR ground for newly discovered facts only applies when the facts "were discovered after the trial or sentencing [and] the defendant exercised due diligence in discovering these facts."). Moreover, none of Lopez's cited cases require that all the mitigating circumstances be fully presented at trial. *See Miller*, 567 U.S. at 479 (requiring a discretionary sentencing procedure); *Montgomery*, 577 U.S. at 210 (clarifying that compliance with *Miller* requires a hearing considering "youth and its attendant characteristics"); *Jones*, 141 S. Ct. at 1321 (declining to add procedural requirements because "a discretionary sentencing procedure suffices to ensure individualized consideration of a defendant's youth").

**¶13** Instead, Lopez's inclusion of mitigating circumstances in his petition appears to be an invitation to re-weigh the factors determining his sentence. But we will not reconsider this evidence because we review the dismissal of a PCR petition only for an abuse of discretion. *See Reed*, 252 Ariz. at 238, ¶ 6.

**¶14** Lopez provides no new law or argument to justify deviating from *Soto-Fong*. Thus, the superior court did not abuse its discretion by dismissing the PCR petition.

**CONCLUSION**

**¶15** We grant review but deny relief.

