NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE PRECIALIANO QUINTERO, *Petitioner*.

No. 1 CA-CR 24-0035 PRPC

FILED 07-18-2024

---

Petition for Review from the Superior Court in Maricopa County
No. CR2008-031287-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

¶1             Jose Quintero appeals the dismissal of his petition for post-conviction relief.  For the reasons below, we grant review and deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2             Quintero was 16 years old when a jury convicted him of kidnapping, first-degree murder and sexual assault.  Quintero moved to exclude from trial his statements to police as involuntary, but the superior court denied that motion.

¶3             At sentencing in 2010, Quintero introduced a memorandum recounting his dysfunctional childhood, substance abuse, mental health challenges and desire for rehabilitation.  The memorandum emphasized the difference between juvenile and adult offenders, relying on scientific literature and case law.

¶4             The superior court sentenced Quintero to life with the possibility of parole after 25 years for the murder count and aggravated, consecutive terms on the remaining counts, totaling an additional 23.5 years.  The court found Quintero's age was a mitigating factor and the jury found four aggravating factors.

¶5             Quintero timely appealed his convictions.  His appellate counsel filed an *Anders* brief after finding no non-frivolous questions of law to raise.  We reviewed the record for fundamental error and found none. *State v. Quintero*, 1 CA-CR 11-0001, 2012 WL 3580519, at *1, ¶ 2 (Ariz. App. Aug. 21, 2012) (mem. decision).  We affirmed the denial of Quintero's voluntariness motion because the trial court held a hearing and the record supported the court's findings. *Id.* at *3, ¶¶ 19–20.

¶6             Quintero petitioned for post-conviction relief ("PCR").  He raised four arguments: (1) ineffective assistance of appellate counsel, (2) the trial court erred by denying his voluntariness motion, (3) a significant change in the law occurred, and (4) his sentence violated the Eighth

Amendment of the U.S. Constitution. U.S. Const. amend. VIII. The court summarily dismissed his petition. He timely appealed.

## DISCUSSION

**¶7** We review the denial of a petition for post-conviction relief for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012), and constitutional issues de novo, *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). A defendant is entitled to relief if he presents a colorable claim by "alleg[ing] facts which, if true, would *probably* have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016).

### I.  Ineffective Assistance of Counsel

**¶8** Quintero first argues he had ineffective assistance of appellate counsel because his attorney failed on direct appeal to challenge the denial of his voluntariness motion. For starters, Quintero's Rule 32.1(a) claims are untimely by 4.5 years. *See* Ariz. R. Crim. P. 32.4(b)(3)(A). Quintero claimed he was not informed of his PCR rights by his counsel, but neither the court nor the State addressed the timeliness issue on appeal. *See* Ariz. R. Crim. P. 32.4(b)(3)(D) (excusing an untimely notice after an adequate explanation).

**¶9** A defendant who claims ineffective assistance of appellate counsel must show two elements: (1) appellate counsel's performance fell below objectively reasonable standards, and (2) absent the deficient performance, the outcome on appeal would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Febles*, 210 Ariz. 589, 595–96, ¶ 18 (App. 2005).

**¶10** Quintero proves neither element. First, he cannot show his appellate counsel acted unreasonably. Appellate counsel reviewed the record and found no arguable issues for appeal. This court too reviewed the record and found it raised no arguable issues for appeal related to Quintero's statements to police. *Quintero*, 1 CA-CR 11-0001, at *3, ¶ 20.

**¶11** Second, Quintero cannot show fundamental error or prejudice. He argues the trial court was required to hold an evidentiary hearing, but he points to no statute or case law in support, and criminal defendants are only guaranteed a fair hearing, A.R.S. § 13-3988(A), which Quintero received.

**¶12** Moreover, Quintero's argument that the trial court would have ruled differently after an evidentiary hearing is speculative and uncolorable. *State v. McDaniel*, 136 Ariz. 188, 198 (1983) (explaining the

burden of proof requires defendant to present evidence of a provable reality, not mere speculation).

## II.  Voluntariness of Statements to Police

**¶13**        The court found Quintero was precluded from challenging the voluntariness of statements he made to police.  We agree because Quintero's claim was "finally adjudicated on the merits in an appeal," Ariz. R. Crim. P. 32.2(a)(2).  And the record supported the trial court's findings, so there was no fundamental error.  *Quintero*, 1 CA-CR 11-0001, at *3, ¶ 20.

**¶14**        Quintero also argues the court impermissibly shifted the burden of proof to him by denying the voluntariness motion.  Not so.  The court correctly identified the burden of proof in a post-conviction relief proceeding—Quintero must show the allegations in the petition raise a colorable claim by a preponderance of the evidence.  Ariz. R. Crim. P. 32.13(c).  The court found Quintero failed to raise a colorable claim because "no additional evidence has been presented to support a finding that . . . would lead to a different outcome."

## III.  No Significant Change in the Law

**¶15**        Quintero contends that *Miller v. Alabama*, 567 U.S. 460 (2012), significantly changed the law on how a judge should consider a juvenile offender's youth at sentencing.

**¶16**        A significant change in the law "requires some transformative event, a clear break from the past."  *State v. Shrum*, 220 Ariz. 115, 118, ¶ 15 (2009) (citation omitted).  *Miller* held "'only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing' a life-without-parole sentence."  *See Jones v. Mississippi*, 593 U.S. 98, 98 (2021) (quoting *Miller*, 567 U.S. at 483).

**¶17**        We discern no transformative break from the past.  *Miller* recognized that juveniles are less mature, more vulnerable to peer pressure, and their character is not well-formed.  567 U.S. at 471–72.  But that description is not new.  *See Roper v. Simmons*, 543 U.S. 551, 569–70, 73 (2005); *see also Graham v. Florida*, 560 U.S. 48, 72–75 (2010).  And here, the superior court recognized Quintero's age as a mitigating factor and exercised its discretion to impose the lesser of two sentences.

**¶18**        Quintero also argues it was impossible for the trial court to properly consider his youth because he was sentenced before *Miller*, but the

Arizona Supreme Court disagrees. *State ex rel. Mitchell v. Cooper*, 256 Ariz 1, 13, ¶ 39 (2023).

## IV.    Eighth Amendment

**¶19**        Lastly, Quintero argues that a de facto life sentence violates a juvenile's Eighth Amendment rights.  U.S. Const. amend. VIII.  But our supreme court has held that courts may sentence a juvenile to a de facto life sentence by imposing consecutive sentences for separate crimes.  *State v. Soto-Fong*, 250 Ariz. 1, 12, ¶ 50 (2020).  That happened here.

## CONCLUSION

**¶20**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV