NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDGAR GARCIA, *Petitioner*.

No. 1 CA-CR 25-0276 PRPC

FILED 02-06-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2012-159502-001
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Edgar Garcia, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey joined.

---

**K I L E Y**, Judge:

¶1        A jury found Petitioner Edgar Garcia guilty of eleven crimes, including sexual conduct with a minor, kidnapping, sexual abuse, and child molestation. *See State v. Garcia*, 1 CA-CR 18-0628, 2019 WL 4200741 at *1, ¶ 1 (Ariz. App. Sept. 5, 2019). On April 1, 2015, Petitioner was sentenced to concurrent and consecutive sentences totaling 150 years of imprisonment. *Id.* at ¶ 2.

¶2        Over three years later, Petitioner petitioned for post-conviction relief ("PCR"), asserting that his court-appointed attorney neglected to file an appeal on his behalf. The superior court appointed new counsel and granted Petitioner leave to file a delayed appeal. *See* Ariz. R. Crim. P. 31.2(a)(3), 32.1(f).

¶3        On direct appeal, this Court modified one of Petitioner's sentences to correct an error in the calculation of presentence incarceration credit, but otherwise affirmed his convictions and sentences. *See Garcia*, 2019 WL 4200741 at *5, ¶ 23. The mandate in that case issued on October 17, 2019.

¶4        In January 2025, Petitioner filed another PCR petition, challenging the superior court's evidentiary rulings and its failure to excuse certain prospective jurors for cause. He also raised claims of ineffective assistance of trial and appellate counsel. Petitioner explained his years-long delay in filing his second PCR petition by asserting that although his appellate attorney "sent him all his record" from the direct appeal, including "the Decision and the Mandate," in December 2019, appellate counsel "did not even bother to send [him] a letter with it explaining or guiding him at least basically what he needs to do to at least initiate his Rule 32 Appeal [*sic*]." Moreover, he asserted, the "Inmate" who "help[ed]" him file his first PCR petition "was not available anymore" by the end of his direct appeal. According to Petitioner, he "was on his own," and so "the untimeliness" of the second PCR petition "is not [his] fault[.]"

**¶5**        The superior court dismissed Petitioner's second PCR petition on the basis, *inter alia*, that the claims were untimely, finding that Petitioner "fail[ed] to adequately account for" the delay in filing his second PCR petition.

**¶6**        Petitioner seeks review of the superior court's order denying his second PCR petition. This Court will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012) (citation omitted).

**¶7**        A PCR petition raising challenges to alleged trial errors or to the performance of trial counsel must be raised within 90 days of the imposition of sentence or 30 days after the issuance of the mandate on direct appeal, whichever is later. Ariz. R. Crim. P. 32.4(b)(3)(A). A claim of ineffective assistance of appellate counsel must be raised within 30 days of the issuance of the mandate on direct appeal. *Id.*; *see also State v. Rosales*, 205 Ariz. 86, 89, ¶ 8 (App. 2003). Enforcing these deadlines serves to promote important interests in finality while ensuring that relief, when warranted, is granted in a timely manner. *See State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009) ("By requiring that all post-conviction claims be raised promptly," the PCR rules "not only serve[] important principles of finality, but also allow[] any relief to be issued at a time when the interests of justice . . . can best be served." (citation omitted)). A petitioner's failure to comply with the deadlines set forth in Arizona Rule of Criminal Procedure 32.4(b)(3)(A) will be excused, however, "if the [petitioner] adequately explains why the failure to timely file [the] notice was not the [petitioner's] fault." Ariz. R. Crim. P. 32.4(b)(3)(D).

**¶8**        Here, Petitioner attributes his years-long delay in filing his second PCR petition to his lack of familiarity with the legal process. Such an assertion, even if true, does not establish a PCR petitioner's lack of fault for the untimely filing of a PCR petition. *See State v. Cornell*, 179 Ariz. 314, 331 (1994) ("[A] defendant acting in propria persona is subject to the same rules as an attorney."); *see also State v. McFarland* No. 1 CA-CR 24-0585 PRPC, 2025 WL 1189807 at *1, ¶¶ 3-4 (Ariz. App. Apr. 24, 2025) (mem. decision) (affirming dismissal of untimely PCR petition and holding that PCR petitioner's contention that he was "not legally trained" did not establish that "the untimeliness [was] not [his] fault"); *State v. Littleton*, 1 CA-CR 13-0925 PRPC, 2015 WL 3537136 at *1, ¶ 4 (Ariz. App. June 2, 2015) (mem. decision) ("Lack of knowledge of the law is not sufficient to present a colorable claim that the failure to file a timely petition for post-conviction relief was not the petitioner's fault."). Petitioner has not established that the superior court abused its discretion in finding that Petitioner failed to

establish that he is not at fault for the untimeliness of his second PCR petition.

¶9          We grant review and deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR